**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALL IN MARKETING INC. d/b/a PRIORITY ONE HEALTH, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, GEORGE MOORE, individually and on behalf of all others similarly situated, by and through his attorneys, and for his class action Complaint against the Defendants, ALL IN MARKETING INC. d/b/a PRIORITY ONE HEALTH and DOES 1-10, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants, in negligently, knowingly and/or willfully placing through its agent(s), sales, solicitation and/or other telemarketing calls to Plaintiff's telephone numbers, in violation of the TCPA and related regulations, specifically the National Do-Not-Call Registry and internal do-not-call provisions of 47 C.F.R. 64.1200(c) and (d), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. According to the Federal Communications Commission's website, accessed on March 28, 2019 at http://www.fcc.gov/consumers/guides/stop-unwanted-calls-texts-and-faxes:

> The national Do Not Call list protects landline and wireless phone numbers. You can register your numbers on the national Do Not Call list at no cost… Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

4. This Court has general personal jurisdiction over Defendants because they are actively engaged in selling their products and services throughout Illinois and the United States.

5. This Court has specific personal jurisdiction over Defendants because they caused telephone calls at issue in this case to be placed to Plaintiff, who lives in Illinois, at a telephone number bearing an Illinois area code.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiff is an individual who was at all relevant times residing in the City of Carol Stream, County of DuPage, and State of Illinois.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39).

9. On information and belief, Defendant ALL IN MARKETING INC. d/b/a PRIORITY ONE HEALTH is a corporation of the State of Florida, which is authorized to do business in Illinois, and whose principal place of business is located in Deerfield Beach, Florida.

10. On information and belief, at all times relevant hereto, Defendants were engaged in the marketing and sale of various insurance products and services.

11. Defendants are a "person" as defined by 47 U.S.C. § 153(39).

12. The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend his complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

13. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

14. On or about July 6, 2003, Plaintiff successfully registered his telephone number ending in -1188 with the National Do-Not-Call Registry.

15. On or about March 29, 2018, Defendants began placing unsolicited telemarketing telephone calls to Plaintiff.

16. Plaintiff has not previously sought out Defendants' services, nor has Plaintiff attempted to retrieve information from Defendants about their services. Therefore, Plaintiff did not have an established business relationship with Defendants, as defined under 16 C.F.R. § 310.4(b)(iii)(B)

17. From on or about March 29, 2018 through on or about April 3, 2018, Plaintiff received approximately 15 unsolicited telemarketing telephone calls from Defendants.

18. These unsolicited telemarketing calls were a nuisance to Plaintiff.

19. As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon Plaintiff's telephone;

    c. Wasting Plaintiff's time;

    d. Risk of personal injury due to interruption and distraction when receiving unwanted telemarketing calls from Defendants; and

    e. Stress, aggravation, frustration, emotional distress and mental anguish.

## **CLASS ALLEGATIONS**

20. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the following proposed class (the "Class") defined as follows:

> All residential telephone subscribers within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent and prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any 12-month period, within four years prior to the filing of the complaint.

21. Defendants, their employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

22. The Class is so numerous that the individual joinder of all of the members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class include hundreds, if not thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

23. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

24. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

   a. Whether the Class members' telephone numbers were called by Defendants without Defendants having obtained prior express consent to place such calls;

   b. Whether the Class members' telephone numbers were called by Defendants more than 30 days after they registered such numbers on the Class registry; and

   c. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing telephone calls to the Class members without proper consent.

25. As a residential telephone subscriber who received telephone calls, made by or on behalf of Defendants, without his consent, after his telephone number was registered on the

National Do-Not-Call Registry for at least 30 days, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the Class.

26. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Classes.

27. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

28. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

29. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

30. Defendant has acted or refused to act in respect generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

31. Defendant failed to comply with the requirements of the TCPA, including but not limited to 47 C.F.R. § 64.1200(c) as to the Class members with respect to the above-alleged transactions.

32. 47 C.F.R. § 64.1200(c)(2) provides that:

> [n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

33. In multiple instances, Defendants called the Class members without the members' prior express consent, and after the members registered with the federal government's Do-Not-Call list, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(c).

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 C.F.R. 64.1200(c)

34. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 33 above as if reiterated herein.

35. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c).

36. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

37. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF TCPA
## 47 C.F.R. 64.1200(c)

38. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 37 above as if reiterated herein.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c).

40. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

41. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

    a.    An order certifying the Class, and appointing Plaintiff as Representative of the Class;

    b.    An order certifying the undersigned counsel as Counsel for the Class;

    c.    An order requiring Defendants, at their own cost, to notify all Class members of the unlawful conduct herein;

    d.    Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

    e.    Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

    f.    An order for injunctive relief prohibiting such conduct by Defendants in the future;

    g.    Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

    h.    Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action which are so triable.

RESPECTFULLY SUBMITTED,

GEORGE MOORE

By:    /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, Illinois 60062
        Phone: (224) 218-0875
        Fax: (866) 633-0228
        dlevin@toddflaw.com